IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GLYNIS MARIE ERICKSON, individually And as Personal Representative of the ESTATE OF MARK JOSEPH ERICKSON <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY <br> Serve registered agent: <br> C T Corporation System <br> 319 S Coteau St. <br> Pierre, South Dakota 57501 <br><br> Defendant. | Case No. 21-cv-4205 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, GLYNIS MARIE ERICKSON, by and through her undersigned attorneys and as the duly appointed personal representative of the ESTATE OF MARK JOSEPH ERICKSON, hereby brings this lawsuit against Defendant FORD MOTOR COMPANY, and alleges as follows:

### ALLEGATIONS REGARDING THE PARTIES, JURISDICTION, AND VENUE

1. Mark Joseph Erickson ("Decedent") was, at all relevant times, a citizen and resident of the State of South Dakota, who died on or about January 16, 2021, in Union County, South Dakota as a result of the negligent acts and omissions alleged herein. Decedent was at all relevant times the operator of Erickson Bye Farms.

1

2. Plaintiff Glynis Marie Erickson is Decedent's surviving spouse and is the duly appointed, qualified and acting Personal Representative of the Estate of Mark Joseph Erickson. Plaintiff was at all times, a citizen and resident of the State of South Dakota.

3. Defendant Ford Motor Company ("Ford") is a corporation organized and existing under the law of the State of Delaware, with its principal place of business in Michigan.

4. Defendant Ford is registered to do business in the State of South Dakota, maintains a registered agent in the State of South Dakota, and may be served with process through its registered agent at the above-listed South Dakota address.

5. Pursuant to 28 U.S.C. § 1332, this Court has subject-matter jurisdiction over the civil action, as the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between the parties.

6. Defendant Ford is engaged in the design, manufacture, distribution, and sale of the F-150 pickup truck, including the subject 2014 Ford F150 pickup truck (VIN 1FTFW1EF0EKD39381) ("Subject Vehicle") involved in the in the incident giving rise to the Plaintiff's Petition.

7. Defendant Ford is and was in the business of designing, engineering, manufacturing, distributing, and selling vehicles.

8. Defendant Ford's relationship with the forum and this litigation is close enough to support specific jurisdiction pursuant to *Ford Motor Co. v. Montana Eight Judicial District Court*, 141 S.Ct. 1017 (2021), in that Ford through its actions and those of its agents, conducts business in South Dakota in that it causes its products to be marketed, distributed, and sold within the State. This includes but is not limited to:

a. Ford maintains numerous Ford dealerships in South Dakota to distribute and sell Ford vehicles;

b. Ford transports new vehicles on South Dakota highways and railways for distribution throughout the State of South Dakota and the United States; and

c. Ford transports used vehicles on South Dakota highways and railways for distribution throughout the State of South Dakota and the United States.

9. Defendant Ford has purposely availed itself of the privilege of conducting business in the State of South Dakota and has thereby consented to the jurisdiction of this Court. Defendant Ford's conduct and connection with the State of South Dakota are such that it could reasonably anticipate being haled into a court in the State of South Dakota.

10. Defendant Ford is subject to the specific jurisdiction of this Court in that a vehicle designed, manufactured, distributed, and sold by Defendant Ford to Erickson Bye Farms, a South Dakota partnership, through a dealership in the State of South Dakota caused injury to and ultimately the death of Decedent within the confines of the State of South Dakota and this District.

11. Defendant Ford, through acts of its employees or agents, has submitted itself to the jurisdiction of this Court pursuant to the State of South Dakota's long-arm statute, S.D. Codified Laws § 15-7-2, in that it transacted business in this state, made a contract in this state, and/or committed a tortious act in this state.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred within this judicial district, in that Decedent Mark Erickson suffered catastrophic injuries resulting in his death as a result of the performance

of and the defects in the seatbelt and occupant restraint system of a Ford vehicle within the confines of the State of South Dakota and this District.

13. The beneficiaries of this wrongful death cause of action for which recovery is potentially available and the relationship of each to the Decedent Mark Joseph Erickson are as follows:

    a. GLYNIS MARIE ERICKSON– Personal Representative of the Estate of Mark Joseph Erickson, and wife of the Decedent;

    b. EMMA LADWIG- Daughter of Decedent;

    c. PARKER ERICKSON- Son of Decedent; and

    d. MORGAN ERICKSON- Daughter of Decedent.

14. Plaintiff GLYNIS MARIE ERICKSON brings this wrongful death cause of action pursuant to S.D. Codified Laws §§ 21-5-2 through 21-5-8, commonly referred to as the "South Dakota Wrongful Death Statute," as well as S.D. Codified Laws §15-4-1, commonly referred to as the "Survival of Action Statute."

## ALLEGATIONS COMMON TO ALL COUNTS

15. Ford designed, tested, manufactured, marketed, distributed, and sold the 2014 Ford F150 pickup truck (VIN 1FTFW1EF0EKD39381) ("Subject Vehicle") involved in the car crash that is the subject of this lawsuit.

16. On or about June 11, 2014, Erickson Bye Farms purchased the Subject Vehicle from Vermillion Ford, an authorized Ford dealership located at in Vermillion, South Dakota.

17. On or about January 16, 2021, Decedent was operating the Subject Vehicle, traveling southbound on Interstate 29 near mile marker 13 in Union County, South Dakota.

4

18. At all times herein, Decedent was properly belted and in a normal seated position.

19. On or about the same time, Eric Pollitt was operating a 2016 GMC Yukon ("Pollitt's Vehicle"), traveling northbound on Interstate 29 near mile marker 13 in Union County, South Dakota.

20. In the moments preceding the crash, Decedent lost control of the Subject Vehicle due to the icy conditions of the roadway and crossed over the dividing median and into oncoming northbound traffic.

21. The Subject Vehicle collided head-on with Pollitt's Vehicle ("Subject Crash").

22. The Subject Vehicle's driver's seatbelt was defective and broke during the Subject Crash, causing Decedent to be partially ejected from the Subject Vehicle.

23. As a direct and proximate result of the negligence acts and omissions of Defendant Ford as set forth below, Decedent suffered catastrophic injuries resulting in his death.

24. As a result of the death of Decedent, Plaintiff is entitled to recover damages including, but not limited to, the value of lost support and services as a result of Decedent's death; future loss of support and services; loss of consortium; loss of companionship, advice, comfort, assistance, and protection; medical and funeral expenses; and loss of earnings of Decedent.

### COUNT I: STRICT LIABILITY
### (DEFENDANT FORD)

25. Plaintiff hereby incorporates by reference the prior paragraphs as if fully set forth herein.

26. Defendant Ford designed, manufactured, distributed, and sold the Subject Vehicle in the ordinary course of its business.

5

27. At the time the Subject Vehicle left the control of Defendant Ford, it was defective and unreasonably dangerous in several respects including, but not limited to, the following:

    a. The occupant restraint system was not designed and manufactured in a manner to provide sufficient and proper protection to the driver seat occupant in the event of a collision;

    b. The seatbelt for the driver's seat, when properly used, could break, allowing a driver to be ejected from the vehicle;

    c. The seatbelt for the driver seat failed to adequately restrain Decedent in the Subject Crash;

    d. The occupant restraint system of the vehicle failed to employ practical and technically feasible alternative design that would have prevented the harm without substantially impairing its usefulness and intended purpose;

    e. The occupant restraint system of the vehicle lacked adequate testing and/or inspection to ensure it was reasonably suitable for its intended purpose and provide adequate occupant protection in reasonably foreseeable crash conditions; and

    f. No adequate warning was given to consumers or users of the Subject Vehicle regarding the defective and/or unreasonably dangerous nature of the Subject Vehicle.

28. The Subject Vehicle was expected to and did reach the hands of Decedent without substantial change or modification and was in substantially the same condition on or about January 16, 2021, as it was when it left the possession and control of Defendant Ford.

29. The Subject Vehicle was used by the Decedent in a manner that could be reasonably anticipated.

30. Defendant Ford knew or should have known that the Subject Vehicle would be used without inspection for defects, and it represented that the Subject Vehicle could be safely used for the ordinary purpose for which it was purchased.

31. Defendant Ford knew or should have known that the Subject Vehicle was defectively designed or defectively manufactured in the particular respects set forth above.

32. The defective condition of the Subject Vehicle directly caused or directly contributed to causing catastrophic injuries to Decedent, resulting in his death.

33. As a result of the death of Decedent, Plaintiff is entitled to recover damages including, but not limited to, the value of lost support and services as a result of Decedent's death; future loss of support and services; loss of consortium; loss of companionship, advice, comfort, assistance, and protection; medical and funeral expenses; and loss of earnings of Decedent.

34. Damages recoverable by the Personal Representative of the Estate of Mark Erickson for the benefit of his heirs at law pursuant to S.D. Codified Laws §15-4-1, *et seq.* (Survival Action) include the following:

   a. Funeral expenses;

   b. Severe physical, conscious pain, suffering and mental anguish between the time of Decedent's injury and his death; and

   c. Medical expenses.

WHEREFORE, Plaintiff respectfully demands a judgment against Defendant Ford on Count I of this Complaint for compensatory damages, for pre-judgment and post-judgment interest, for costs in this matter expended, and, for such other and further relief as the Court deems just and proper under the circumstances for Plaintiff's damages and Plaintiff demands trial by jury of all issues.

### COUNT II: NEGLIGENCE
**(Defendant Ford)**

35. Plaintiff hereby incorporates by reference the prior paragraphs as if fully set forth herein.

36. Defendant Ford had a duty to exercise ordinary care in designing and manufacturing the Subject Vehicle in a manner that was not unreasonably dangerous.

37. Defendant Ford was negligent in failing to exercise ordinary care and breached its duty of care to Decedent in several respects, including but not limited to the following:

   a. Ford designed and manufactured the Subject Vehicle such that the occupant restraint system was insufficient to provide proper protection to the driver in the event of a collision;

   b. Ford designed and manufactured the Subject Vehicle such that the driver seat belt, when properly used, could break and allow a driver to be ejected from the vehicle in the event of a collision;

   c. Ford designed and manufactured the Subject Vehicle such that the seatbelt for the driver seat failed to adequately restrain Decedent in the Subject Crash;

   d. Ford designed and manufactured the Subject Vehicle without design features to otherwise eliminate or reduce the risk of occupant ejection and injuries to the head in reasonably foreseeable crash conditions;

   e. Ford designed and manufactured the Subject Vehicle's occupant restraint system that failed to employ practical and technically feasible alternative design that would have prevented the harm without substantially impairing its usefulness and intended purpose;

   f. Ford designed and manufactured the Subject Vehicle's occupant restraint system that lacked adequate testing and/or inspection to ensure it was reasonably suitable for its intended purpose and provide adequate occupant protection in reasonably foreseeable crash conditions;

   g. Ford failed to provide an adequate warning to consumers and users of the Subject Vehicle regarding the defective and/or unreasonably dangerous nature of the Subject Vehicle; and

   h. Plaintiff expressly reserves his right to plead additional actions and/or omissions by Defendant Ford that may be known during the investigation and discovery conducted in this case.

38. The negligence of Ford in these respects was gross in character when compared to Decedent's actions.

39. The Subject Vehicle was used by Decedent in a manner that could be reasonably anticipated by Defendant Ford.

40. As a direct and proximate result of Defendant Ford's negligent conduct, Decedent suffered catastrophic injuries, resulting in his death.

41. As a result of the death of Decedent, Plaintiff is entitled to recover damages including, but not limited to, the value of lost support and services as a result of Decedent's death; future loss of support and services; loss of consortium; loss of companionship, advice, comfort, assistance, and protection; medical and funeral expenses; and loss of earnings of Decedent.

42. Damages recoverable by the Personal Representative of the Estate of Mark Erickson for the benefit of his heirs at law pursuant to S.D. Codified Laws §15-4-1, *et seq.* (Survival Action) include the following:

   a. Funeral expenses;

   b. Severe physical, conscious pain, suffering and mental anguish between the time of Decedent's injury and his death; and

   c. Medical expenses.

WHEREFORE, Plaintiff respectfully demands a judgment against Defendant Ford on Count II of this Complaint for compensatory damages, for pre-judgment and post-judgment interest, for costs in this matter expended, and, for such other and further relief as the Court deems just and proper under the circumstance for Plaintiff's damages and Plaintiff demands trial by jury of all issues.

Dated this 23 day of November, 2021.

_____
Michael F. Marlow
Marlow, Woodward & Huff, Prof. LLC
P.O. Box 667
200 West Third Street
Yankton, South Dakota 57078
T: 605-665-5009
F: 605-665-4788
Attorneys for Plaintiff
mike@mwhlawyers.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Glynis Marie Erickson, individually and as Personal Representative of the Estate of Mark Joseph Erickson

**(b)** County of Residence of First Listed Plaintiff: **Yankton**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael F. Marlow; Marlow, Woodward & Huff, Prof. LLC, P.O. Box 667, Yankton, SD 57078; (605) 665-5009

## DEFENDANTS
Ford Motor Company, c/o CT Corporation System

County of Residence of First Listed Defendant: **Hughes**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | [x] 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | | | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | |
| | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** | 462 Naturalization Application | | |
| | 448 Education / 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Motor Vehicle Crash and Subsequent Seat Belt Failure Resulting in Death

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11-23-2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

$1.76 US POSTAGE
4 OZ FIRST-CLASS MAIL FLATS RATE
062S0006970480
FROM 57078
RETAIL
stamps endicia
11/23/2021

**USPS FIRST CLASS MAIL®**

MARLOW, WOODWARD & HUFF PLLC
PO BOX 667
YANKTON SD 57078

C033

SHIP TO:
United States District Court Clerk
Rm 128 United States Courthouse
400 South Phillips Avenue
Sioux Falls SD 57104-6848

**First Class Mail**