## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

GLYNIS MARIE ERICKSON,       )
Individually and as Personal       )
Representative of the ESTATE OF    )        CASE NO. 21-CV-4205
MARK JOSEPH ERICKSON,       )
                           )
       Plaintiff,        )   **ANSWER TO PLAINTIFF'S COMPLAINT**
                           )
v.                         )
                           )
FORD MOTOR COMPANY,      )
                           )
       Defendant.      )

Defendant, Ford Motor Company ("Ford"), respectfully responds to the Complaint ("Complaint") filed by Plaintiff Glynis Marie Erickson, individually and as personal representative of the estate of Mark Joseph Erickson ("Plaintiff") as follows.

1.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the allegations.

2.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the allegations.

3.     Ford admits that Ford Motor Company is a Delaware corporation, with its principal place of business in the State of Michigan.

4.     Ford admits that Ford Motor Company is registered to do business in the State of South Dakota and maintains a registered agent in the State of South Dakota.

5.     Ford admits that this Court has subject matter jurisdiction over this action.

6.     Ford admits that it is in the business of designing, in part, manufacturing, in part, distributing and/or selling vehicles. Ford admits that it designed, in part, manufactured, in part,

assembled, in part, distributed and sold the 2014 Ford F-150 pickup truck (VIN 1FTFW1EF0EKD39381) (hereinafter, the "Subject Vehicle"). Ford denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Ford admits that it is in the business of designing, in part, engineering, in part, manufacturing, in part, distributing and/or selling vehicles.

8.      Ford states that the allegations contained in Paragraph 8 and its subparts of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford admits that this Court has specific jurisdiction over this matter.

9.      Ford states that the allegations contained in Paragraph 9 of Plaintiff's Complaint state a legal conclusion, for which no response is required. To the extent a response is deemed required, Ford admits that this Court has jurisdiction over this matter.

10.      Ford states that the allegations contained in Paragraph 10 of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford admits that it designed, in part, manufactured, in part, assembled, in part, distributed and sold the Subject Vehicle. Ford denies that it is liable to Plaintiff under any cause of action for any amount and denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.      Ford states that the allegations contained in Paragraph 11 of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff under any cause of action for any amount and denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      Ford states that the allegations contained in Paragraph 12 of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford denies Subject Vehicle and/or any component part was defective. Ford further

denies that it is liable to Plaintiff under any cause of action for any amount and denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies them.

14.    Ford states that the allegations contained in Paragraph 14 of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff under any cause of action for any amount and therefore denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

15.    Ford admits that it designed, in part, tested, in part, manufactured, in part, marketed, distributed and sold the Subject Vehicle.

16.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies them.

17.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies them.

18.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies them.

19.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies them.

20.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies them.

21.    Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies them.

22.     Ford denies that the Subject Vehicle, or any of its component parts, was defective. Ford denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Ford denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Ford denies that it is liable to Plaintiff under any cause of action for any amount and denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT I - STRICT LIABILITY

25.     Ford incorporates by reference Paragraphs 1 through 24 of its Answer as if specifically pled herein.

26.     Ford admits that it designed, in part, manufactured, in part, distributed and sold the Subject Vehicle.

27.     Ford denies that the Subject Vehicle was defective or unreasonably dangerous. Ford denies the allegations contained in Paragraph 27 of Plaintiff's Complaint 27 and its sub-paragraphs (a)-(f).

28.     Ford denies that the Subject Vehicle was defective. Ford lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, denies them.

29.     Ford denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Ford denies that the Subject Vehicle was defective. Ford denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Ford denies that the Subject Vehicle was defectively designed or defectively manufactured. Ford denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Ford denies that the Subject Vehicle was defective. Ford denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Ford states that the allegations contained in Paragraph 33 of Plaintiff's Complaint state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff under any cause of action for any amount and therefore denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Ford states that the allegations contained in Paragraph 34 of Plaintiff's Complaint and its subparts, state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff under any cause of action for any amount and therefore denies the allegations contained in Paragraph 34 of Plaintiff's Complaint and its subparts.

In response to the unnumbered paragraph beginning "WHEREFORE" following paragraph 34 of Plaintiff's Complaint, Ford states that this paragraph contains statements that do not require a response. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff in any amount under any theory.

## COUNT II – NEGLIGENCE

35.     Ford incorporates by reference Paragraphs 1 through 34 of its Answer as if specifically pled herein.

36.     Ford states that the allegations contained in Paragraph 36 constitute a legal conclusion for which no response is required. To the extent a response is deemed required, Ford denies that the Subject Vehicle was defective or unreasonably dangerous. Ford denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Ford states that the allegations contained in Paragraph 37 of Plaintiff's Complaint and its subparts, state legal conclusions, for which no response is required. To the extent a response is deemed required, Ford admits that it designed, in part, and manufactured, in part, the Subject

Vehicle, but denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and its subparts.

38.    Ford denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Ford denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    Ford states that the allegations contained in Paragraph 40 constitute a legal conclusion for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff in any amount under any theory.

41.    Ford states that the allegations contained in Paragraph 41 constitute a legal conclusion for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff in any amount under any theory.

42.    Ford states that the allegations contained in Paragraph 42 constitute a legal conclusion for which no response is required. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff in any amount under any theory.

43.    In response to the unnumbered paragraph beginning "WHEREFORE" following paragraph 42 of Plaintiff's Complaint, Ford states that this paragraph contains statements that do not require a response. To the extent a response is deemed required, Ford denies that it is liable to Plaintiff in any amount under any theory.

44.    Ford denies any allegation contained in Plaintiff's Complaint that is not expressly admitted herein.

45.    Plaintiff's claims may be barred, in whole or in part, by the Decedent's negligence, more than slight.

46.    Plaintiff's alleged injuries and damages may have been caused or contributed to by acts of third-parties or other entities, for which Ford has or had no control, or right of control, and for whom it is not responsible.

47.     Plaintiff's damages, if any, may have been caused by misuse, abuse, neglect, failure to provide reasonable and necessary maintenance, unauthorized alteration or modification of the Subject Vehicle.

48.     Ford has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. Ford intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported injury or damage to Plaintiff as alleged in the Complaint and gives notice of its intent to assert any further defenses that its information gathering process may indicate is supported by fact and law.

49.     Ford hereby demands a jury trial for all issues so triable.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Ford respectfully requests that Plaintiff takes nothing for her Complaint, that the same be dismissed with prejudice on merits, that Ford have and recover its costs, disbursements, and attorneys' fees incurred in this matter, and that Ford receive all other relief which this Court deems as reasonable and just.

Dated at Sioux Falls, South Dakota, this __12__ day of January, 2022.

EVANS, HAIGH & ARNDT, L.L.P.


_____
Mark W. Haigh
225 E. 11th Street, Suite 201
PO Box 2790
Sioux Falls, SD 57101-2790
Telephone:  (605) 275-9599
Facsimile:  (605) 275-9602
E-mail:  mhaigh@ehalawyers.com

*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies on the ___12___ day of

January, 2022, I caused the following document:

♦   Answer to Plaintiff's Complaint

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-mail

notice of the electronic filing to the following:

> Michael F. Marlow
> Marlow, Woodward & Huff, Prof. LLC
> P. O. Box 667
> 200 West Third Street
> Yankton, SD  57078
> Email:  mike@mwhlawyers.com
>
> Summer L. Davidson (Admitted *Pro Hac Vice*)
> Brennan B. Delaney (Admitted *Pro Hac Vice*)
> James Kent Emison (Admitted *Pro Hac Vice*)
> Langdon & Emison, LLC
> 911 Main Street
> Lexington, MO  64067
> Email: summer@lelaw.com
>        brennan@lelaw.com
>        kent@lelaw.com
>
> *Attorneys for Plaintiff*

on this ___12___ day of January, 2022.

_____
Mark W. Haigh